## No. 5284.

### BOGART & CULYER VS. THE NEW-ORLEANS PARK.

*Where a party is employed by the authorized agent of a corporation to do certain work, at a stated salary, and it is shown that he has been ready and prepared at all times during the term of his engagement to do the work, he is entitled to recover the whole amount of his salary, without regard to the amount of work he has actually done.*

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *George L. Bright,* for plaintiffs and appellants. *Cotton & Levy* and *J. Q. A. Fellows,* for defendants.

LEONARD, J. The plaintiffs are landscape architects and engineers, and bring this suit against defendants on a contract for professional services.

On the fifteenth day of June, 1872, the Board of Commissioners of the New-Orleans Park passed the following resolution:

" *Resolved,* That the president of the board be and is hereby authorized to contract with Messrs. Bogart & Culyer, of New York, civil engineers, and engage their services for one year from June 1, 1872, at a salary of five thousand dollars per annum and as additional compensation for their services the rate of five per cent on the amount expended in the improvement of the New-Orleans Park during said period."

In pursuance of this resolution the following contract was entered into on the twenty-sixth day of June, 1872:

" Under authority of the resolution on the reverse hereof written, A. W. Smythe, president of the commissioners of the New-Orleans Park, hereby contracts and agrees with and engages Messrs. Bogart & Culyer as the engineers and landscape architects for the construction and improvement of the park, under the control of the commissioners for the term, at the rate of compensation, and under the condition specified in said resolution.

" And we, Bogart & Culyer, in consideration of the foregoing promise, bind ourselves to do and perform all duties requisite in the premises as engineers and landscape architects.

"As witness our respective hands and seals.

" (Signed)                                         A. W. Smythe, President.
                                        " BOGART & CULYER,
                                                " By John Bogart.

"Attest: FRANK H. WILSON.
"Attest: GEORGE PIERCE."

Plaintiffs acknowledge the receipt of twenty-five hundred dollars on account of this contract, and now sue to recover the remainder.

The answer is a general denial.

It is not urged that the defendants were without authority to enter

into this contract, nor that the sum stipulated to be paid to the plaintiffs for their services was in any degree exorbitant or unreasonable.

The profession of Messrs. Bogart & Culyer is one requiring the highest degree of artistic skill and experience. It involves a knowledge of engineering, of architecture, and of landscape gardening. Mr. Bogart is at the head of his profession in this country, having in a great manner designed and constructed the Central Park, of New York City, the most successful work of the kind in the world. A "study for the improvement of the City Park of New Orleans," which is annexed to the transcript, is evidence of his taste and culture.

It is urged by the defendants that plaintiffs never performed the work that was expected of them, and that they failed to furnish certain plans which they were directed by the board to prepare. It seems, however, that Mr. Bogart spent several weeks in New Orleans, and was constantly engaged while here in an examination of the grounds in charge of the park commissioners and in the study of all matters pertaining to their development and their improvement. The members of the firm held themselves in readiness to go to New Orleans whenever their presence was desired, and a profitable engagement was declined on account of its probable interference with their duties here. There is some evidence that they did not do all that was expected of them, but the reason appears to have been that the park commissioners failed to perform their part of the contract. Dr. Smythe testified as follows:

"Question—Did the Board of Park Commissioners ever call upon them (Bogart & Culyer) to do any work that they did not do?

"Answer—No, sir; they did not.

"Question—Do you know that Bogart & Culyer have at all times been ready to do any thing demanded of them?

"Answer—I believe they were. If we had called upon them, I have no doubt but that they would have done so.

"Question—Did you have plans that you could work by?

"Answer—No; we would have had them if we had requested them. The delay was not owing to Messrs. Bogart & Culyer."

In view of this testimony from the president of the park commissioners himself, the officer appointed by the board to contract with Messrs. Bogart & Culyer, and under whose superintendence they would be expected to act, it is impossible to say that the plaintiffs have been guilty of any breach of their contract. The defendants can not well contradict their own witness and president. Whether the contract was necessary and profitable to the defendants, it is not for us to determine. If one should engage the services of an expensive landscape gardener at a stated salary *per annum*, and should afterward discover that he could not spare the money to expend in the improvement of his grounds,

he would nevertheless be bound to pay the salary that he had stipulated. But within the scope of their powers corporations are bound by the same laws and held as stringently to their contracts as individuals. If the stockholders or the citizens subject to their jurisdiction are injured by the acts of their agents, they must look to those agents for redress or see that they employ more faithful ones in the future. It is not in the power of the courts to relieve them from the effects of contracts which were regularly entered into by third persons dealing in good faith with their officers.

It is therefore ordered that the judgment of the Superior District Court be reversed, and that the plaintiffs, Bogart & Culyer, recover of the defendants, the commissioners of the New-Orleans Park, the sum of twenty-five hundred dollars, with five per cent interest from June 1, 1873, and costs of both courts.